IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ADRIANA MEDDIE ISA WAYMIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:11-06122-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING CASE FOR FURTHER PROCEEDINGS

Plaintiff Adriana Waymire seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381a-1383. Plaintiff alleges she is disabled because of Attention Deficit Hyperactivity Disorder ("ADHD") and bipolar disorder.

The ALJ found that although these were severe impairments which limited Plaintiff's abilities, Plaintiff retained the residual functional capacity to perform medium unskilled work with no complex instructions or tasks. Because it is unclear from the ALJ's decision what weight he gave a treating physician's evaluation, if any, and because this evaluation might determine the outcome here, the Court REMANDS this case to the Commissioner for further proceedings consistent with this decision.

### Procedural and Factual Background

Plaintiff filed her application for SIS benefits on June 9, 2008, originally alleging a disability onset date in 2002. Plaintiff subsequently amended the onset date to the filing date, June 9, 2008. R. at 33. After the Commissioner's initial denial, Plaintiff requested a hearing

before an ALJ, which took place February 24, 2010. The ALJ issued his decision denying Plaintiff's application on March 22, 2010. The Appeals Council denied Plaintiff's request for review on October 18, 2011, leaving the ALJ's decision as the Commissioner's final decision. Thus, Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

The parties have accurately summarized the medical record in their briefs, and the Court recites the medical record here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled,

2

that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

Plaintiff contends the ALJ erred by: (1) failing to consider or make any finding regarding the opinions and reports of Dr. Jura; and (2) failing to find that substantial evidence on the record supported the finding that Plaintiff is disabled.

**A.      It is unclear whether the ALJ considered Dr. Jura's opinion, and if so, how much weight he gave it.**

Plaintiff argues the ALJ's decision fails to mention Dr. James Jura, M.D., one of Plaintiff's treating psychiatrists, much less evaluate his opinion. Thus, Plaintiff argues it is impossible to know whether the ALJ considered Dr. Jura's treatment notes in formulating his opinion, and if so, why the ALJ apparently rejected it. If true, this would be grounds for remand. Although a treating physician's opinion is not controlling, it "should not ordinarily be disregarded and is entitled to substantial weight." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). Whether the ALJ grants a treating physician's opinion substantial or little weight, the

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

ALJ "must always give good reasons" explaining his decision. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (internal citations omitted).

The Commissioner responds that the ALJ properly evaluated Dr. Jura's findings. The Commissioner argues there is no error here because

> Dr. Jura treated Waymire from August 2008 through November 2009, as outlined in Exhibit 9F, and a review of the ALJ's decision confirms that the ALJ considered those treatment notes (Tr. 23, 327-34). The Eighth Circuit has held that where an ALJ specifically references the findings of a medical source, the Court can assume the ALJ considered the medical source's opinion. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Here, the ALJ specifically referenced and relied on Dr. Jura's medical treatment notes. As discussed, Dr. Jura did not issue an opinion regarding Waymire's abilities or limitations, so further analysis was not required.

Def.'s Br. at 12.

But the Commissioner's description of how the ALJ evaluated Dr. Jura's treatment notes is incorrect. Although Dr. Jura's treatment notes are part of the record in this case, R. at 325-34, the ALJ's decision does not mention, much less discuss, Dr. Jura or his treatment notes. R. at 18-25.

Dr. Jura was Plaintiff's primary treating psychiatrist from August 18, 2008 through December 29, 2009, sixteen months during the time period under consideration. Nine of his treatment notes from this period express an opinion about Plaintiff's Global Assessment of Functioning ("GAF"). R. at 325-333. This is noteworthy because GAF scores may be used to assist the ALJ in determining a claimant's level of mental functioning. *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010). GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM–IV–TR)* 34 (4th ed., text rev. 2000). A score of 40 to 50 indicates a claimant suffers from severe symptoms or a "serious impairment

in social, occupational, or school functioning (e.g., no friends, unable to keep a job)," *id.*; *Halverson*, 600 F.3d at 931, while scores in the 50 to 60 range indicate a claimant has only "moderate symptoms or moderate difficulty in social or occupational functioning." *Halverson*, 600 F.3d at 931. During the sixteen months Dr. Jura treated the Plaintiff, he diagnosed her in the 50 to 60 range twice, but in the 40 to 50 range seven times. Thus, taken as a whole, Dr. Jura's GAF scores suggest that from August 18, 2008 through December 29, 2009 Plaintiff suffered serious impairments in her social or occupational functioning which left her unable to keep a job. *See id.* Thus, Dr. Jura's GAF evaluations are important information which the ALJ should have recognized and discussed.

Furthermore, these GAF evaluations are arguably consistent with other evidence on the record which might support a conclusion that Plaintiff is disabled under the Act. The objective medical evidence includes records showing Plaintiff has received mental health treatment since she was ten years old, that doctors suspected "the emergence of a rapid cycling Bipolar I Disorder" at age 14, and there "is a strong history of both ADHD and Bipolar Disorders in her family." R. at 272, 273. Additionally, a consulting psychologist who reviewed Plaintiff's medical records, Marsha Toll, agreed with the opinion of Plaintiff's other treating psychiatrist, Dr. John Cox, M.D., that Plaintiff had "marked limitations in interacting socially and adapting to the environment." R. at 316. Finally, Plaintiff's mother testified in some detail about Plaintiff's inability to stay focused to either take care of herself or perform simple tasks. R. at 49-59. Plaintiff's mother also testified about discussions she had with Plaintiff's former supervisors who indicated Plaintiff simply could not stay on task long enough to perform even simple jobs. R. at 53. If credible, this testimony might support a finding of disability.

The Court is not suggesting that on remand the Commissioner should find Plaintiff disabled.  There is evidence in the record which detracts from awarding benefits as well.  What troubles the Court is that the ALJ did not explain what consideration he gave Dr. Jura's treatment notes.  This failure to discuss Dr. Jura's notes is more than a mere deficiency in opinion writing technique; it might alter the outcome of this case and so merits remand for the ALJ to address it.

**B.     On the existing record, the Court cannot find that substantial evidence on the record either supports or does not support awarding benefits.**

Plaintiff's second argument is that the ALJ failed by not holding that substantial evidence in the record as a whole supports finding the Plaintiff disabled.  The Commissioner responds that the ALJ properly evaluated Plaintiff's credibility and determined her complaints of disabling impairments were inconsistent with the record.  Thus, the ALJ properly determined Plaintiff's residual functional capacity and properly relied on the vocational expert's testimony to conclude Plaintiff could perform work existing in significant numbers in the national economy.

The Court holds the record here is not such that the ALJ's failure to award benefits merits outright reversal.  On the other hand, because the ALJ apparently did not consider Dr. Jura's notes which are consistent with other evidence supporting an award of benefits, the Court cannot say that substantial evidence on the record supports the ALJ's decision either.  Accordingly, this case should be remanded for further proceedings.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is not supported by substantial evidence on the record.  The Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date: March 18, 2013                                     /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT